This was an appeal from a judgment of the District Court of Petersburg.
Isabell, styling herself an Indian and a pauper, presented her petition to the Court, (which petition was inserted in the record,) praying to be permitted to prosecute her suit, in forma pauperis, for the recovery of her freedom, against Elizabeth Pegram who detained her in slavery. Her petition being allowed, and counsel assigned her, she commenced an action of trespass, assault and battery, and false imprisonment. The defendant pleaded that the plaintiff was her slave; and the plaintiff replied that she was free; whereupon issue was joined. At the trial of the cause, the counsel for the plaintiff offered, “as conclusive evidence that Nanny (whom he proved to be the mother '“'of the plaintiff) was entitled to her freedom, a record” (which he set out in htec verba) of a suit in the said District Court, in which Nanny and others had recovered their freedom from a certain Stephen Mays: in which suit no issue was made up between the parties, but the Jury were sworn upon a writ of inquiry.
The Jury, in the case of Isabell v. Pe-gram found a verdict for the plaintiff, that she was free and not a slave, subject to the opinion of the Court upon the question, “whether the said record” (in the case of Nanny and others v. Mays) “is conclusive evidence, (as between the parties to the present action,) that the plaintiff’s ancestor was a free woman.” The District Court was of opinion that the law was for the plaintiff, and gave judgment accordingly: from which judgment an appeal was taken to this Court.
Hay, for the appellant. The immateriality of the statement of facts and finding of the Jury, in this case, is such, that no judgment can be given. If the record be evidence, (which is not admitted,) and prove Nanny free, it does noi necessarily follow that the plaintiff is free; because she might have been born before her mother acquired her freedom. The verdict does not find that Nanny was born free: and, for any thing that appears in the record, she might have been emancipated after the birth of the plaintiff. The verdict is, consequently, insufficient, and a venire de novo ought to be awarded.
If it were necessary to discuss the question whether the record between Nanny and Mays be conclusive evidence, as between the parties to this action, I should contend, that, so far from being conclusive *178 evidence, it was no evidence at all. Cases need not be cited to prove, that a verdict between A. and B.' is not evidence between C. and D. A verdict, to be conclusive evidence, must be between parties and privies to the former suit. This is expressly laid down by the President, in delivering the opinion of the Court, in the case of Shelton v. Barbour, (a) In this case, there is no privity between Mays, (against whom Nanny recovered her freedom,) and Pegram the present appellant.
George Keith Taylor, for the appellee. It would be a subject of much regret, if the party should lose her freedom by a mistake of their counsel. But, if it be an error, it is in conformity with the uniform practice of the District Courts.
*As to the objection, that the time when Nanny was entitled to her freedom does not appear; it is obviated by the petition of the appellee, stating that she was an Indian. The point before the District Court was, whether the plaintiff there, was an Indian or not. If she were an Indian, she was entitled to her freedom, unless a right to retain her in slavery under some particular law could be proved. As she is thus found to be an Indian, all objection to the sufficiency of the verdict must be at an end.
The opinion of the President in Shelton v. Barbour will not be controverted. Though a verdict be not conclusive evidence, except between parties or privies, yet it may, in all cases, be offered to prove the particular fact, for which it is introduced. If it were not so, what monstrous inconveniences would result 1 Suppose the descendant of a person who had recovered her freedom be taken in slavery-, and all the witnesses were dead, who could prove the right of the ancestor to freedom? The depositions of the witnesses, if previously taken, could not be read, because not taken between the parties in the cause. If the record of the recovery of the ancestor could not be read in evidence, the descendant must forever remain in slavery. In the case of Jenkins v. Tom and others(b) the declarations of old people were considered legal testimony to prove the right of the appellees to freedom. What strange inconsistency would it be to admit hearsay evidence, but not a record to prove the same fact.
There is a manifest distinction between a record, which operates as an estoppel, and absolutely precludes the party from making any defence, and a record introduced to prove a particular fact, leaving the partjr free to defend hirhself by other evidence. In the case of Dee, executor of Daniel v. Cook(c) the principle is recognized, that a record may be introduced as evidence to prove a particular fact, where it would not be conclusive.
■ Hay, in reply. The question before the District Court was, whether Isabell was entitled to her freedom or not but the point which the record was introduced to prove, was, that another person was entitled.
The petition of the appellee styling herself an Indian, is not evidence: but, if it were, it would leave the case open to the full force of my objection, because she claims her freedom as an hereditary right.
The record was not merely introduced to prove a particular fact: for the Jury expressly refer it to the Court to *say, whether the record was conclusive evidence,' as between Pegram and Isabell, to prove that the mother of Is-abell was a free woman ; still submitting the abstract question whether it was evidence between the parties.
I cannot perceive the soundness of the law or logic, that a record, though not evidence, unless between parties or privies, yet may be introduced to prove the fact which it professes to prove. It is either evidence or not: and no case can be produced where it has been admitted under such restrictions as are contended for. In truth the record was no evidence, and could not be introduced to prove any fact.
The case of Tom and Jenkins was very different from this. There hearsay evidence was admitted to prove a pedigree, which, considering the indulgence allowed to paupers in tracing their descent, might not be improper. In Hudgins v. Wrights(d) it was decided that a claim for freedom might be established, although the proofs did not agree with the case stated.
The consequences would be fatal, indeed, if the mere inquest of a jury, sworn on a writ of inquiry, should be conclusive evidence of freedom. A person anxious to give freedom to slaves might suffer the ancestor to recover a judgment by default, and then offer a record of that judgment, as conclusive evidence against some other person, not a party to the suit, and holding some of the descendants in slavery. In the present case, Mays might have suffered Nanny to recover her freedom, whether right or not: for it appears that he made no defence.
Thursday, July 9. The President delivered the unanimous opinion of the Court, (all the Judges being present,) “that the case stated and referred to in the verdict of the Jury, in this cause, was too imperfect for this Court to determine the question of law arising upon it.” Verdict set aside and a new trial granted.

 2 wash. 67.

 1 wash. 123.

 1 wash. 306.

d) Ante, p. 184.